By the Court.
The 127th section of the Code, by declaring that civil actions shall be commenced by the service of a summons necessarily implies, that until such service the action cannot be held to be commenced. Actual service is, therefore, undoubtedly the general rule, and the only exceptions from this rule are those created by sections 99 and 135 ; that created by section 99 is applicable only where the commencement of the action is necessary to be shown in order to exclude a defence founded on the Statute of Limitations. It is for the sole purpose of repelling such a defence, that the attempt to commence an action by the delivery of a summons, with the intent that it shall be served, is deemed equivalent to a commencement by actual service. As to the exceptions created by section 135, it is not pretended, that they have any application to the case before us. They substitute publication for personal service, and are confined to actions against non-resident or absconding debtors and foreign corporations. Although prior to the adoption of the Revised Statutes, an action was held to be commenced by the mere issuing of process, it is certain that the Revised Statutes changed the law by substituting the rule of actual service, and we are clearly of opinion that it is this rule that the provisions of the Code adopt and confirm.
The complaint was therefore properly dismissed, and the judgment appealed from must be affirmed, with costs.